UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 20 CR 00704-1 |
| v. | |
| ADAM BLOCKER | Chief Judge Virginia M. Kendall |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby submits this sentencing memorandum as to defendant Adam Blocker. The government requests that this Court sentence defendant to a term of imprisonment of 210 months on Counts 3 and 5 to be served consecutively, a sentence at the low end of the applicable Sentencing Guidelines range of 210 months to 262 months. Defendant knowingly possessed child pornography, advertised on Tumblr his ability to provide others with child pornography, and provided links to his Dropbox account which contained a library of thousands of images to others seeking enjoyment and sexual gratification from the depiction of the abuse of children. A sentence of 210 months' imprisonment holds defendant accountable for the actions he took for his own and others' sexual gratification while giving appropriate weight to the mitigating factors. The Court should further order a period of supervised release of 8 years and require defendant to pay an amount to be determined, as explained below, in restitution to the victims.

I.    **FACTUAL BACKGROUND**

A.    **Criminal Prosecution**

On October 1, 2020, a grand jury indicted defendant on six counts. PSR ¶ 1. Counts One and Five charged defendant with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). R. 1; PSR ¶ 2. Counts Two and Four charged defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). *Id.* Count Three charged defendant with possession of an image of child pornography stored in defendant's Dropbox storage account, in violation of 18 U.S.C. §§ 2256(8)(A). R. 1; PSR ¶ 1. Count Six charged defendant with possession of an image of child pornography stored on a LG LGMS210 (Aristo) cellular telephone, a ZTE Z855 cellular telephone, and an ASUS laptop computer, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). R. 1.

On March 14, 2022, defendant filed a motion to suppress the evidence seized during searches of his Dropbox account (Count Three) and residence. R. 72. Following full briefing of the issue, Judge John Z. Lee issued an order on July 28, 2022, denying defendant's motion.

On January 11, 2024, pursuant to a plea agreement, defendant entered a conditional plea of guilty as to Count Three possession of child pornography and Count Five transportation of child pornography. R. 120. Defendant admitted to certain relevant conduct, including additional possession, receipt, and transportation of child pornography, as well as forfeiture of specific property used in the offense conduct. R. 120 at p. 15-16.

The sentencing hearing is currently scheduled for March 3, 2025, before the Honorable Virginia M. Kendall.

**B.** **Facts Underlying Charged Conduct**

No later than May 11, 2018, defendant created a Gmail email address adamblckr@gmail.com. PSR ¶¶ 7, 9. Subsequent to its creation, defendant then used the email address to open a Dropbox, Inc. (Dropbox) account with User ID XXXXXX4416. PSR ¶ 7.

On May 11, 2018, defendant used the same email address adamblckr@gmail.com and the name Adam Blockmon to establish an account on the Kik message application. PSR ¶ 16. Defendant's Kik username was "mrblockhead123." *Id*. Defendant used the Kik message application from at least May 19, 2018, through at least July 11, 2018, to exchange messages with others for the purpose of trading files containing child pornography and child erotica. *Id*. And defendant did in fact use the message application to actually send and receive images and videos depicting child pornography. PSR ¶¶ 16, 18.

In October 2018, Dropbox identified apparent child pornography in defendant's Dropbox account and, pursuant to law, submitted a CyberTipline Report to the National Center for Missing and Exploited Children (NCMEC). PSR ¶ 8. The CyberTipline Report noted that 44 files were believed to contain child pornography in an account with the associated email address adamblckr@gmail.com and screen/username "Adam Blocker" and the report included copies of the 44 files. *Id*. This information and the copies of the files were provided to the Federal Bureau of Investigation (FBI). *Id*. Federal search warrants were obtained for both defendant's Dropbox account and his residence. *Id*.

At the time of the search warrant execution of defendant's residence, defendant agreed to be interviewed by law enforcement. PSR ¶ 9. During the interview, defendant identified adamblck@gmail.com as his email account and further identified a Tumblr account and a Kik account as his own. PSR ¶ 9.

The searches of defendant's residence resulted in the seizure of three cellular phones – Blocker Phone 1, Blocker Phone 2, and Blocker Phone 3 – and a laptop; all belonging to defendant. PSR ¶ 9. During his interview with law enforcement, defendant stated that he used Blocker Phone 2 as his current phone. PSR ¶ 10.

The cellular phones and laptop were searched. Between the devices, defendant possessed a total of 52 images files and 42 video files containing child pornography and lewd and lascivious images. PSR ¶ 19. The Kik message application was installed on Blocker Phone 1 and Blocker Phone 1 contained evidence that it had been used to transport and receive child pornography on June 1, 2018, to a Kik user. PSR ¶¶ 9, 14. Blocker Phone 2 contained evidence of recovered data for at least 13 websites with URLs indicating that the sites contained child pornography, several Dropbox URLs, and numerous images of child pornography, child erotica, and cartoons depicting children engaged in sexually explicit conduct. PSR ¶ 10. The laptop contained three video files and one image file depicting child pornography. PSR ¶ 11.

Law enforcement searched the Kik account defendant identified as his own as well as the Dropbox account with the associated email address defendant identified as his own: thousands of image and video files containing child pornography were

recovered along with conversations between the defendant and others discussing trading videos/images of child pornography or links to child pornography. PSR ¶ 11.

Specifically, defendant's Dropbox account contained two folders named "file 1" and "YB." PSR ¶ 13. The folder "file 1" contained child pornography, including a video named "18 yo fucks 10yo" which depicted a teenage male child performing oral sex on a young male child, who was about 10 years' old, as well as an image of a 10 to 13-year-old male child performing oral sex on an erect penis. *Id.* A subfolder within "file 1" contained multiple video files depicting child pornography.

The "YB" folder contained numerous video files depicting child pornography, including a video that depicted an adult erect penis anally penetrating a three or four-year-old child, a video depicting an adult erect penis vaginally penetrating a female child aged five to eight years' old, and a video that showed an erect adult penis penetrating a young male child, aged about one year old, while the child was lying on an open diaper. PSR ¶ 14. A subfolder in "YB" named "boys" contained more than 1,000 image files and videos containing child pornography. *Id.*

## II.     GUIDELINES CALCULATION AND OBJECTIONS TO THE PSR

The government agrees with the Guidelines calculations as articulated in the PSR and has no objections or corrections.

## III.     SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)

### A. The Nature and Circumstances of the Offense

Defendant's offense is serious and warrant serious punishment because he not only possessed and transported child pornography, but also facilitated other

individual's access to child pornography and child erotica as well. For this, a Guidelines Sentence is appropriate.

Defendant possessed child pornography and child erotica and used his Kik messaging application installed on his phone to connect with a community of pedophiles for the purpose of obtaining more child pornography and sharing the child pornography and child erotica he already possessed with others. Defendant used his electronic devices and using his devices and his Dropbox account to store child pornography and child erotica. The use of his Dropbox account is particularly egregious. Essentially, defendant treated the Dropbox account as a virtual library. Defendant shared the link to his Dropbox account with others seeking child pornography. This allowed a new set of offenders to gain access to his collection of images and videos depicting the abuse and torture of children, including infants. PSR ¶¶ 14, 18. The conversations between defendant and others on Kik illustrate defendant's particular culpability:

***May 29, 2018, conversation with Kik User 1***

> KU1: Hi How are you?
>
> KU1: I find you on Tumblr

***May 31, 2018, conversation with Kik User 1***

> AB: Im doing good and cool man
>
> KU1: You like Young Boys?
>
> AB: I like all ages
>
> KU1: Ah ok

AB:     But I have young vids. If you want to trade.

KU1:  Yes I Wanna Trade

**AB:     Cool. <u>I only got links</u>, so send some and I'll send back**

KU1:  Which age?

**AB:     [sends a <u>dropbox link</u>]**

**AB:     Vids like those**

KU1:  I have no links

AB:     What do you got?

**AB:     <u>There is good amount of vids on that link</u>**

KU1:  [sends a video]

AB:     Hot man

KU1:  [sends video of child (approximately 10 to 12 years old) being orally penetrated by an adult male penis.]

KU1:  Thank you for the hot vids

AB:     No problem and thank you too.

*June 1, 2018,  conversation with Kik User 1*

KU1:  [sends image of male child being anally penetrated (approximately 10 years old)]

KU1:  [sends image of male child (approximately 6 to 8 years old and face visible) with an adult hand on his penis]

*July 9, 2018, conversation between defendant (AB) and Kik User 2 (KU2)*

KU2:  Wassup

AB:     Not muc. Hbu

KU2:  Horny yo

KU2:  Found you on Tumblr. Saw you are perv like me

AB:  Nice man and forsure. You got kinks to trade?

KU2:  Of course bruh

KU2:  I love young boys. U

AB:  Hot. Same here

**AB:  Sent a link and ill send one back**

KU2:  [sends video of adult male penis anally penetrating what appears to be a toddler]

KU2:  [sends video of male child (approximately 5 to 8 years old) being anally penetrated.]

KU2:  [sends video of young male baby (approximately less than one year old). An adult male licks around the baby's mouth and then the adult male places his mouth on the baby's penis]

**AB:  Got links? Not just vids?**

KU2:  Naw my bad yo

AB:  [sends video of child's hands and arms touching an adult male penis]

KU2:  [sends video (still image of the video depicts a baby (approximately less than one month old) with an adult penis in the baby's mouth and/or face)]

AB:  **[sends a dropbox link]**

KU2:  Nice

In addition to sending the Dropbox link to his own personal library of abuse and torture, also shared specific videos when prompted by others as illustrated below:

*May 19, 2018, conversation with Kik User 3*

KU3:  Hey

KU3:  I saw your kik on tumblr

AB:    Hey whats up? Lookin to trade?

KU3:  I wish I could trade man … I was lookin to find them

KU3:  I have no idea where to even look but I keep getting little glimpses on tumblr and its just like a tease u know

AB:    I know exactly how that is

AB:    [Sends video The video was not able to be played by FBI - it's not clear from just viewing the still image what the video depicts]

### *July 11, 2018, conversation with Kik User 2*

KU2:  Yo man … do u have anymore of this that ud be willing to share

AB:    [sends video that depicts an adult male anally penetrating a baby that is approximately less than one year old]

Defendant's actions go beyond mere possession. First, from the context of the conversations, it can reasonably be inferred that defendant advertised himself on Tumblr as a person from whom child pornography could be obtained. *See supra* (KU1: I find you on Tumblr; KU2: Found you on Tumblr. Saw you are perv like me; KU3: I saw your kik on tumblr). Second, these conversations illustrate that defendant was not only a member of the child pornography community but he also on his own accord identified himself in such a way by his own volition.

Defendant's actions perpetuated and created new harm to victims. His actions of providing access to child pornography for others ensures that the videos and images continue to be distributed to others. It ensures that the videos and images of the

abuse the victims suffered live online for perpetuity. It prevents the victims from every having closure because it is a new harm each and every time a new different offender obtains and views the image or video of the abuse.

### B. Defendant's History and Characteristics

The government acknowledges both the PSR and Exhibit F detail significant challenges in his upbringing, including an unstable and emotionally abusive environment. Defendant's mental health conditions are also documented in both the PSR and defendant's Exhibit F.

The government also acknowledges that defendant has no criminal history.

According to both the PSR and defendant's Exhibit F, defendant has a history of alcohol and controlled substance abuse, including marijuana, cocaine base, ecstasy, and psychedelic mushrooms. PSR ¶¶ 66, 67. Defendant admits to driving while under the influence of alcohol. PSR ¶ 66. Exhibit F provides additional details regarding defendant's pre and post arrest drug and alcohol consumption. According to the report, defendant smoked 7 grams of cannabis every day between ages 24 to 27. Def. Ex. F at 14/51. Defendant further explained that his alcohol intake depended on whether he had a drug test the next day. *Id.* As for his drug dependency, defendant reported purchasing cocaine "as much as possible" – using it "before, during, after work, and to sleep." *Id.*

### C. The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of Defendant

The need for both specific and general deterrence in this instance is great. Defendant argues for a below Guidelines sentence, in part, due to his alleged

rehabilitation since his initial arrest and as well as "the judgment of multiple mental health providers who have evaluated [defendant] over the last four years. R. 138 at 4. According to the report defendant cites to in support of this request, defendant experienced boredom which led him to explore different drugs and different types of pornography which eventually led him down a "reward-seeking path, ultimately leading him to child pornography." Def. Exhibit F at p. 38/51. Defendant then seeks this Court to find as a mitigating factor that defendant engaged in possession and transportation of child pornography in order to feed his need for a dopaminergic rush. *See id.* The search for happiness and curiosity can neither be justification of possession and transport of child pornography and child erotica nor a mitigating factor. The images and videos defendant possessed and provided others access to depicted horrible abuse of children, including infants.

The need to protect the public is also great here. According to defendant and the documentation he attaches in support of his request for a below Guidelines sentence, he sought out child pornography out of boredom, curiosity, to find community, and to self-medicate. This reasoning highlights defendant's inability to exercise good judgment when faced with challenging moments. Defendant himself reported that following his arrest, he discontinued drug use due to "house arrest" but went back to self-medicating with alcohol. Def. Exhibit F at p. 22/51. Defendant's inability to exercise control and good judgment when he experiences uncomfortable stress, or anxiety presents a unique danger to the community in this instance.

## IV.   SUPERVISED RELEASE

The government agrees with the Probation Office's recommendation of a term of 8 years' supervised release as to Count Three and Count Five, to be served concurrently.

## V. RESTITUTION

The government spoke with defense counsel as recently as today, February 18, 2025, who confirmed that restitution is agreed to as to each victim seeking restitution, but that there is one outstanding matter that must be resolved prior to the government's submission of amounts. The government intends to file a supplemental sentencing memorandum with the final agreed restitution amounts and defense counsel stated there is no objection to doing so.

## VI. CONCLUSION

The government respectfully disagrees with the Probation Office's recommendation of 144 months' incarceration. Put simply, the aggravating factor is defendant's facilitation of access to others to the Dropbox account which contained thousands of image and video files containing child pornography. Defendant did not only use these images and video files of sexually abusive material for his own self-gratification. Defendant ensured others had the ability to access and share this material as well. For this reason, the offense conduct is egregious.

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 210 months' imprisonment and a 8-year term of supervised release, and order mandatory restitution to be provided in a supplemental filing.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By: /s/Kristin M. Pinkston
    KRISTIN M. PINKSTON
    Assistant United States Attorney
    219 South Dearborn Street
    Fifth Floor
    Chicago, Illinois 60604
    (312) 353-5300

**EXHIBIT A**
**PROPOSED CONDITIONS OF RELEASE FOR ADAM BLOCKER**

The Probation Office set forth proposed conditions of release in the PSR, pages 18-23. Below, each proposed condition is listed, along with the legal and/or factual basis for that condition.

**Mandatory Conditions**

The following conditions are mandatory under 18 U.S.C. §3583(d) or 34 U.S.C. § 20913:

Mandatory Condition 1:[1] Defendant shall not commit another federal, state, or local crime. (18 U.S.C. § 3583(d)).

Mandatory Condition 2: Defendant shall not unlawfully possess a controlled substance. (18 U.S.C. § 3583(d)).

Mandatory Condition 4: Defendant shall register and comply with all requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16913).

Mandatory Condition 5: Defendant shall submit to the collection of a DNA sample if the collection of such a sample is required by law. (18 U.S.C. § 3583(d)).

Mandatory Condition 6: Defendant shall refrain from any unlawful use of a controlled substance AND shall submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.[2] (18 U.S.C. § 3583(d)).

**Discretionary and Special Conditions of Supervision**

---

[1] The government will use the same numbering convention as used in the PSR at pages 18-23. The PSR lists "Discretionary Conditions" on pages 18-21 and "Special Conditions" on pages 21-23.

[2] The Court retains discretion not to order drug testing if defendant "indicates a low risk of future substance abuse." *See* 18 U.S.C. §§ 3583(d), 3563(a)(5).

Under 18 U.S.C. § 3583(d), the Court has discretion to impose conditions of supervised release that are "reasonably related" to the factors set forth in 18 U.S.C. § 3553(a), that "involve[ ] no greater deprivation of liberty than is reasonably necessary," to meet the goals of § 3553(a), and that are "consistent with any pertinent policy statements issued by the Sentencing Commission."

The following conditions are consistent with the factors set forth in § 3553(a) and should be imposed on the basis that they facilitate supervision by the probation officer, which is important here to promote defendant's respect for the law, deter the defendant from future crimes, and protect the public:

Discretionary Condition 4: Defendant shall seek and work conscientiously at lawful employment or, if you are not gainfully employed, shall pursue conscientiously a course of study or vocational training that will equip him for employment.

Discretionary Condition 6: Defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity.

Discretionary Condition 8: Defendant shall not possess a firearm, destructive device, or other dangerous weapon. (U.S.S.G. § 5D1.3(c)(10)).

Discretionary Condition 9: Defendant shall participate, at the direction of a probation officer in a mental health treatment program and shall take any medications prescribed by the mental health treatment provider.

Discretionary Condition 14: Defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the Court of a probation officer. (U.S.S.G. § 5D1.3(c)(3)).

Discretionary Condition 15 (modified to include reference to release from imprisonment): Defendant shall report the probation office in the federal judicial district to which he is released within 72 hours of her release from imprisonment. Defendant shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer. (U.S.S.G. §§ 5D1.3(c)(1) and (c)(2)).

<u>Discretionary Condition 16</u>: Defendant shall permit a probation officer to visit him at any reasonable time and at home, at work, at a community service location, and at any other reasonable location specified by a probation officer. Defendant shall permit confiscation of any contraband observed in plain view of the probation officer. (U.S.S.G. § 5D1.3(c)(6)).

<u>Discretionary Condition 17</u>: Defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. Defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege. (U.S.S.G. §§ 5D1.3(c)(4), (c)(5), and (c)(7)).

<u>Discretionary Condition 18</u>: Defendant shall notify the probation officer within 72 hours of being arrested, charged with a crime, or questioned by a law enforcement officer. (U.S.S.G. § 5D1.3(c)(9)).

<u>Discretionary Condition 23</u>: Defendant shall submit his person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

<u>Special Condition 9</u>: Defendant shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment which may include psychological and physiological testing. You shall maintain use of all prescribed medications. You shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. You shall consent to the installation of computer monitoring software on all identified computers to which you have access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The cost of the monitoring shall be paid

by you at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment. You shall not possess or use at any location (including your place of employment), any computer, external storage device, or any device with access to the Internet or any online computer service without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system. You shall not view or possess any device that could be used for covert photography without the prior approval of a probation officer. You shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to 18 U.S.C § 3583(e)(2), regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider. You shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, and you shall not knowingly visit locations where persons under the age of 18 regularly congregate, including parks, schools, school bus stops, playgrounds, and childcare facilities. This condition does not apply to contact in the course of normal commercial business or unintentional incidental contact. Your employment shall be restricted to the district and division where you reside or are supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment, you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose if employed in a particular capacity. You shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider. You shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested. You shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order.

Special Condition 11: Defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

Special Condition 13: If the probation officer determines that defendant poses a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could

include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk.

The following conditions of release support defendant's rehabilitation and reintegration into the community and provide defendant with needed vocational training. *See* 18 U.S.C. § 3553(a)(2)(C).

Discretionary Condition 7: Defendant shall refrain from any use of alcohol (defined as having a blood alcohol concentration greater than 0.08%) or any use of a narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner. (U.S.S.G. § 5D1.3(d)(4)).

Defendant owes a substantial amount of restitution, along with other special assessments. Accordingly, conditions related to defendant's financial obligations are appropriate to ensure defendant satisfies the financial component of his judgment.

Special Condition 5: Defendant shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment. (U.S.S.G. § 5D1.3(d)(2)).

Special Condition 6: Defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release. (U.S.S.G. § 5D1.3(d)(3)).

Special Condition 7: Defendant must, within 72 hours of any significant change in his economic circumstances that might affect his ability to pay restitution, fines, or special assessments, notify his probation officer of the change. (U.S.S.G. § 5D1.3(d)(8)).

Special Condition 8: Defendant shall file accurate tax returns and pay all taxes, interest, and penalties as required by law.

Special Condition 10: Defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement

of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.